UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mario A. Willis,<br><br>                        Plaintiff,<br><br>v.<br><br>J. Gastelo,<br><br>                        Defendant. | Case No.: 18-cv-01456-GPC-JLB<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 19]** |

This Report and Recommendation is submitted to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**I.    INTRODUCTION**

Petitioner Mario A. Willis ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the state court's denial of a petition to recall his sentence under Cal. Penal Code § 1170.126. (ECF No. 1 at 2.) On July 30, 2018, Respondent J. Gastelo, Warden, ("Respondent"), moved to dismiss the Petition on the ground that the Petition is time-barred by the one-year

statute of limitations pursuant to 28 U.S.C. § 2244(d).  (ECF No. 19.)  On October 17, 2018, Petitioner filed an opposition,[1] arguing that his Petition is not untimely.  (ECF No. 23.)

After a thorough review of the Petition, the Motion to Dismiss, the Opposition, and all supporting documents, the Court finds that the Petition is untimely.  Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss (ECF No. 19) be **GRANTED**.

## II.     BACKGROUND

On April 10, 2008, a San Diego Superior Court jury, in case number SDC208339, convicted Petitioner of possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)), possession of a deadly weapon (Cal. Penal Code § 12020(a)(1)), and illegal possession of ammunition (Cal. Penal Code § 12316(b)(1)).  (ECF Nos. 1 at 2; 20-1 at 1.)  Petitioner admitted to prior strike convictions and on June 23, 2008, was sentenced to twenty-five years to life in prison.  (ECF Nos. 1 at 2; 20-1 at 1–2; *see* ECF No. 20-2 at 10.)

On February 13, 2009, Petitioner appealed his sentence to the California Court of Appeal, raising three claims unrelated to the instant Petition.[2]  (ECF Nos. 1 at 2; 20-2 at 1.) On November 13, 2009, the California Court of Appeal affirmed the judgment of the superior court.  (ECF No. 20-5 at 1–2.)  On December 24, 2009, Petitioner filed a petition for review in the California Supreme Court, which denied the petition without comment on February 3, 2010.  (ECF No. 20-7 at 1.)  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

///

---

[1] Petitioner captions his opposition as a "traverse."  (ECF No. 23 at 1.)
[2] On appeal, Petitioner raised the following three claims: (1) the trial court erred in admitting "other bad act" evidence of two prior domestic violence incidents involving Petitioner and his wife; (2) the trial was tainted by ineffective assistance of counsel and prosecutorial misconduct; and (3) Petitioner's sentence is disproportionate to the offense and constitutes cruel and unusual punishment in violation of the Eighth Amendment and the California Constitution.  (*See* ECF No. 20-2.)

2

18-cv-01456-GPC-JLB

On November 7, 2012, Proposition 36, also known as the Three Strikes Reform Act of 2012, became effective and modified California's Three Strikes law as it applies to certain third-strike indeterminate sentences.[3] *See* Cal. Penal Code § 1170.126. The resentencing provisions in the Three Strikes Reform Act of 2012, codified at Cal. Penal Code § 1170.126, permit petitions to recall sentences only for prisoners whose convictions are for "a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." *Id.* § 1170.126(b).

On March 26, 2013, Petitioner filed a petition to recall his sentence under § 1170.126 in the San Diego County Superior Court. (ECF No. 20-8 at 1.) On December 1, 2014, the court denied the petition. (ECF No. 20-9 at 1.) That same day, Petitioner filed a notice of appeal in the San Diego Superior Court. (ECF No. 20-10 at 1.)

On April 4, 2016, the California Court of Appeal affirmed the superior court's denial of Petitioner's resentencing petition, finding that Petitioner's "use of a firearm during the commission of the third-strike offense disqualified him from relief" under § 1170.126(e)(2). (ECF No. 20-14 at 1–2, 6.) Petitioner then filed a petition for rehearing dated April 8, 2016. (ECF No. 20-15.) On April 18, 2016, the appellate court denied the petition for rehearing without comment. (ECF No. 20-16.)

In a petition dated May 3, 2016,[4] Petitioner sought review of the appellate court's denial of his resentencing petition from the California Supreme Court. (ECF No. 20-17 at 38.) On June 8, 2016, the California Supreme Court denied review without comment.

---

[3] In pertinent part, Proposition 36 created "a post[-]conviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the [T]hree [S]trikes law for a crime that is not a serious or violent felony and who is not otherwise disqualified, may have his or her sentence recalled and be sentenced as a second[-]strike offender[,] unless the court determines resentencing would pose an unreasonable risk of danger to public safety." *People v. Yearwood*, 151 Cal. Rptr. 3d 901, 904 (Ct. App. 2013) (citing Cal. Penal Code § 1170.126)).

[4] Respondent states that May 6, 2018, is the date Petitioner sought review from the California Supreme Court. (ECF No. 19-1 at 2.)

(ECF No. 4-1 at 37.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On August 30, 2017,[5] Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court raising the same challenge. (ECF No. 20-18 at 6–7.) In an order dated September 18, 2017,[6] the superior court denied Petitioner's state habeas petition, finding that it lacked jurisdiction to review the decision of the appellate court. (ECF No. 20-19 at 2.)

On April 4, 2018,[7] Petitioner filed the instant Petition in the Central District of California challenging the superior court's denial of his resentencing petition under Cal. Penal Code § 1170.126. (ECF No. 1 at 48.) On June 25, 2018, the case was transferred from the Central District of California to the Southern District of California. (ECF No. 11 at 2.)

On July 30, 2018, Respondent filed a Motion to Dismiss. (ECF No. 19.) Petitioner filed an opposition on October 17, 2018. (ECF No. 23.) Respondent did not file a reply.

## III. STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code provides the scope of review for federal habeas corpus claims:

---

[5] Under the "mailbox rule," a *pro se* prisoner's filing of a state or federal habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court. *See Miles v. Prunty*, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999); *see also Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, Petitioner signed his state habeas petition on August 30, 2017. (ECF No. 20-18 at 6.) The Clerk of Court filed the petition on September 8, 2017, thus indicating that the petition was delivered to prison authorities on or shortly after August 30, 2017. (*See id.* at 1.) For purposes of the present motion, the Court therefore deems Petitioner's state habeas petition filed on August 30, 2017.
[6] The order was subsequently filed on September 19, 2017. (ECF No. 20-19 at 1.)
[7] The Court again applies the mailbox rule to determine the date the instant Petition was filed. Petitioner signed his Petition on "4-5-20," by which Petitioner most likely meant April 5, *2018*, as the date written on the back of the envelope in which Petitioner mailed his Petition is April 4, 2018. (ECF No. 1 at 8, 48.) The Clerk of Court filed the Petition on April 12, 2018, thus indicating that the Petition was delivered to prison authorities on or shortly after April 4, 2018. (ECF No. 1 at 1.) For purposes of the present motion, the Court therefore deems the Petition filed on April 4, 2018.

4

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

In addition, federal habeas corpus claims filed after April 24, 1996, are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that federal courts reviewing any habeas petition filed in federal court after the April 24, 1996 enactment of AEDPA will apply its provisions). Under AEDPA, a petitioner must overcome a high threshold to obtain relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011).

## IV. DISCUSSION

Respondent moves to dismiss the Petition on the ground that it is time-barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (ECF No. 19-1 at 3.) Petitioner argues that his petition is not untimely. (ECF No. 23 at 2.)

### A. AEDPA's Statute of Limitations Under 28 U.S.C. § 2244(d)(1)

#### 1. Legal Standard

AEDPA imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Where a petitioner files a federal habeas petition challenging a resentencing decision under a law like the Three Strikes Reform Act of 2012,[8] district courts in the Ninth Circuit have reached different conclusions as to whether § 2244(d)(1)(A) or § 2244(d)(1)(D) provides the trigger for the running of the statute of limitations. For example, the court in *McKinney v. Montgomery* found that a resentencing petition constitutes a new proceeding separate from a petitioner's underlying conviction and sentencing. *See* No. 2:17–cv–00581 JAM GGH HC, 2018 WL 1605692, at *5 (E.D. Cal. Apr. 3, 2018). Applying § 2244(d)(1)(A), the *McKinney* court stated that the limitations period for the petitioner's resentencing petition, filed pursuant to Proposition 47, began to run on the date that direct review of the resentencing petition became final. *Id.* at *6. In contrast, the court in *Newman v. Fox* found § 2244(d)(1)(A) inapplicable to a resentencing petition under the theory that a resentencing petition does not create a new proceeding that alters the

---

[8] Another proposition that created a post-conviction release proceeding whereby a prisoner may file a petition to recall his or her sentence under certain circumstances is Proposition 47. Proposition 47, or the Safe Neighborhoods and Schools Act, went into effect on November 5, 2014, and recategorized some nonviolent felonies as misdemeanors. *See* Cal. Penal Code § 1170.18. If eligible, a person serving a sentence for a conviction of a felony that Proposition 47 recategorized as a misdemeanor may file a petition for misdemeanor resentencing. *See id.* § 1170.18(a)–(b).

underlying judgment or constitutes a new judgment. No. CV 16–5587–DDP (SP), 2017 WL 9534003, at *5 (C.D. Cal. Sept. 26, 2017). The *Newman* court instead applied § 2244(d)(1)(D) to a resentencing petition filed pursuant to Proposition 36, reasoning that the date petitioner "discover[ed], or could through due diligence have discovered, that his resentencing petition was denied" by the state court served as the factual predicate that triggered the running of the statute of limitations.[9] *Id.* at *6.

Regardless of which subsection of § 2244(d)(1) applies, once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitations period, he bears the burden of demonstrating that the limitation period is sufficiently tolled under statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v. Diglielmo*, 544 U.S. 408, 418 (2005).

### 2. <u>Analysis of § 2244(d)(1)</u>

In his Motion to Dismiss, Respondent notes that the case law in this Circuit is unsettled as to when AEDPA's one-year statute of limitations begins for cases such as the instant one, where the petitioner is challenging the denial of his petition for resentencing under newly enacted legislation and not his original judgment and conviction. (ECF No. 19-1 at 4 & n.2.) Respondent therefore analyzes the Petition's timeliness under § 2244(d)(1)(A) because it provides "the most lenient possible start date in calculating the limitations period" in this case. (*Id.* at 4–5.) Respondent argues that the Petition is untimely even under § 2244(d)(1)(A). (*Id.*)

---

[9] Further, the court in *Dill v. Perry* analyzed the start of the limitations period for a resentencing petition filed pursuant to Proposition 36 under both § 2244(d)(1)(A) and § 2244(d)(1)(D), but ultimately declined to resolve the issue of timeliness because the petitioner's claim lacked merit. NO. EDCV 15-1945-PA (KS), 2016 U.S. Dist. LEXIS 107213, at *12–14 (E.D. Cal. June 29, 2016) ("Assuming . . . that the limitations clock was not triggered until the California Supreme Court's final judgment [of the resentencing petition] on October 15, 2014, then the instant Petition is not untimely. If, however, the statute of limitations began to run when Petitioner became eligible to seek resentencing, *i.e.*, May 23, 2013, when the factual predicate giving rise to the claim occurred, then the Petition arguably may be untimely." (internal citation omitted) (citing *Burton v. Stewart*, 549 U.S. 147 (2007))).

7

In order to determine whether a petition is timely under § 2244(d)(1)(A), the Court must first determine when the state court judgment "became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The period of direct review concludes when the time within which a petitioner can file a petition for writ of certiorari in the United States Supreme Court expires. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Under Supreme Court Rule 13, the time to file a petition for writ of certiorari to review a judgment entered by a state court of last resort expires ninety days after entry of the judgment. Sup. Ct. R. 13; *see also Bowen*, 188 F.3d at 1159.

The California Supreme Court denied review as to Petitioner's resentencing petition on June 8, 2016. (ECF No. 4-1 at 37.) Petitioner did not thereafter file a petition for writ of certiorari in the United States Supreme Court. Therefore, AEDPA's limitations period began to run ninety days later on September 6, 2016,[10] and expired one year later, on September 6, 2017. Petitioner filed the instant Petition on April 4, 2018, over seven months after the limitations period expired. (ECF No. 1 at 48.) As a result, the Petition is untimely under § 2244(d)(1)(A).

Respondent fares worse if the limitations period is triggered by § 2244(d)(1)(D). As previously discussed, the *Newman* court applied § 2244(d)(1)(D) and found that the limitations period for the petitioner's resentencing petition under Proposition 36 began to run on the date the petitioner "discover[ed], or could through due diligence have discovered, that his resentencing petition was denied" by the state court. 2017 WL 9534003, at *6. Following this approach, Petitioner here would have "discovered" that the state court denied his resentencing petition on December 1, 2014, because the court issued its ruling and Petitioner filed a notice of appeal on that day. (ECF Nos. 20-9 at 1; 20-10 at 1.) Therefore, the limitations period pursuant to § 2244(d)(1)(D) would begin on

---

[10] *See* Fed. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days . . . exclude the day of the event that triggers the period[.]"); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (noting that the day in which the limitations period begins to run should not be counted).

8

December 1, 2014, and end one year later on December 1, 2015. This is far earlier than the September 6, 2016 start date and the September 6, 2017 end date calculated under § 2244(d)(1)(A).

Neither Respondent nor Petitioner contend that §§ 2244(d)(1)(B) or (C) apply, and the Court sees no basis for their application. In this case, the Court need not determine if § 2244(d)(1)(A) or (D) applies because, as addressed below, neither statutory tolling nor equitable tolling saves this Petition, even using the more generous limitations date arrived at by the application of § 2244(d)(1)(A).

**B. Statutory Tolling Under 28 U.S.C. § 2244(d)(2)**

Section 2244(d)(2) provides for statutory tolling during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, the "time when a qualifying [state habeas] application is pending shall not be counted toward any period of limitation." *Id.* AEDPA's statute of limitations is not tolled, however, "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214, 225 (2002).

Moreover, statutory tolling is not available if the first state habeas petition is filed after AEDPA's one-year limitations period has expired. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). In other words, a state petition for post-conviction relief that is filed after AEDPA's one-year statute of limitations has expired does not reinitiate the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, Petitioner filed a state habeas corpus petition challenging the denial of his resentencing petition on August 31, 2017, which is six days before AEDPA's one-year statute of limitations under § 2244(d)(1)(A) expired on September 6, 2017. (ECF No. 20-18 at 6.) Thus, because Petitioner filed his state habeas petition before the limitations period expired, Petitioner would be entitled to statutory tolling under § 2244(d)(2) if the

9

18-cv-01456-GPC-JLB

petition was a "properly filed" and "qualifying" petition.[11] 28 U.S.C. § 2244(d)(2). The Court need not decide whether Petitioner's state habeas corpus petition constitutes a "properly filed" or "qualifying" petition under § 2244(d)(2) because, as calculated below, any tolling Petitioner accrued from filing his state habeas corpus petition would not be sufficient to render the instant Petition timely.

Petitioner filed his state habeas corpus petition on August 31, 2017, and the superior court denied his petition eighteen days later on September 18, 2017. (ECF Nos. 20-18 at 6; ECF No. 20-19 at 2.) Thus, Petitioner could, at best, be entitled to eighteen days of statutory tolling.

Before Petitioner filed his state habeas corpus petition, six days remained in AEDPA's one-year limitations period. Eighteen days of tolling would extend the limitations date from September 6, 2017, to September 25, 2017.[12] However, Petitioner filed his Petition more than seven months later on April 4, 2018. (ECF No. 1 at 48.) Consequently, even if Petitioner is entitled to eighteen days of statutory tolling, the Petition is barred by AEDPA's one-year statute of limitations unless equitable tolling applies.

### C. Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A "petitioner is entitled to equitable

---

[11] The superior court denied Petitioner's state habeas corpus petition for, *inter alia*, lack of jurisdiction (ECF No. 20-19 at 2), which calls into question whether Petitioner's state habeas corpus petition constitutes a "properly filed" petition under 28 U.S.C. § 2244(d)(2). *See, e.g.*, *Norton v. Arnold*, No. CV 15–01525–RGK (KES), 2016 WL 1158590, at *9 (C.D. Cal. Feb. 12, 2016) ("[B]ecause the California Court of Appeal dismissed the appeal for lack of jurisdiction, Petitioner's appeal was not properly filed and did not toll the period of limitation." (first citing *Pace*, 544 U.S. at 417; and then citing *Ramirez v. Yates*, 571 F.3d 993, 999 (9th Cir. 2009))); *Dunbar v. Schriber*, No. Civ S 041176GEBPANP, 2005 WL 1366504, at *2 (E.D. Cal. June 2, 2005) ("The . . . petition for review in the California Supreme Court is not a basis for tolling because the court returned it unfiled for lack of jurisdiction . . . so the petition was not 'properly filed.'" (citing *Artuz v. Bennet*, 531 U.S. 4, 8 (2000))).

[12] Eighteen days from September 6, 2017, was September 24, 2017. However, September 24, 2017, was a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted) (quoting *Pace*, 544 U.S. at 418). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citing *Ramirez*, 571 F.3d at 997). "[T]he threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Here, Respondent argues that equitable tolling does not apply because "[Petitioner] has not alleged any ground which may entitle him to equitable tolling, and nothing in the record suggests that the failure to timely file this Petition was due to an extraordinary circumstance beyond his control." (ECF No. 19-1 at 7.) Petitioner seems to argue in response that he "was under the belief that . . . AEDPA['s one-year statute of limitations] only applied to direct appeal issues and collateral attacks on the [underlying conviction]" and not to "resentencing issues as a result of newly enacted legislation." (ECF No. 23 at 2.)

The Court agrees with Respondents and finds that Petitioner is not entitled to any equitable tolling. Although Petitioner is proceeding *pro se* and may not have known that the AEDPA applies to a federal habeas petition challenging the denial of his resentencing petition, his alleged ignorance of the law is not an extraordinary circumstance beyond his control that warrants equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Petitioner offers no other cognizable argument for why equitable tolling would apply. Moreover, the Court finds that the record does not otherwise reflect any extraordinary circumstance beyond Petitioner's control that would entitle him to equitable tolling. Therefore, because Petitioner fails to show that an extraordinary circumstance caused his failure to timely file,

and because he does not make an argument as to diligence in pursuing his rights, Petitioner is not entitled to equitable tolling.

### D. Conclusion

Even when calculating AEDPA's one-year statute of limitations pursuant to § 2244(d)(1)(A), which provides the most lenient possible start date in this case, and factoring in a possible eighteen days of statutory tolling, the instant Petition is untimely. Further, Petitioner has not met his burden to prove that he is entitled to equitable tolling. Thus, Respondent's Motion to Dismiss should be granted.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the district court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) granting Respondent's Motion to Dismiss (ECF No. 19) with prejudice.

**IT IS ORDERED** that no later than **January 17, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than **January 31, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: December 27, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge