# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mario A. Willis,<br><br>                 Plaintiff,<br>v.<br>J. Gastelo,<br><br>                 Defendant. | Case No.: 18-CV-01456-GPC (JLB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

On April 4, 2018, Petitioner Mario A. Willis ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging the state court's denial of a petition to recall his sentence under California Penal Code ("Penal Code") section 1170.126 (ECF No. 1 at 2[1]). On July 30, 2018, Respondent J. Gastelo, Warden, ("Respondent") moved to dismiss the Petition on the ground that the Petition is time-barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). (ECF No. 19.) On October 17, 2018, Petitioner filed a response. On December 27, 2018, the Magistrate Judge filed a Report and Recommendation granting the motion. For the reasons stated below, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS**

---

[1] Page numbers are based on the CM/ECF pagination.

1

Respondent's Motion to Dismiss.

I. PROCEDURAL BACKGROUND

On April 10, 2008, a San Diego Superior Court jury, in case number SDC 208339, convicted Petitioner of possession of a firearm by a felon in violation of Penal Code section 12021(a)(1), possession of a deadly weapon in violation of Penal Code section 12020(a)(1), and illegal possession of ammunition in violation of Penal Code section 12316(b)(1). (ECF Nos. 1 at 2; 20, Lodgment No. 1 at 1.) Petitioner admitted to prior strike convictions and on June 23, 2008, was sentenced to twenty-five years to life in prison. (ECF Nos. 1 at 2; 20-1, Lodgment No. 1 at 1–2; *see* ECF No. 20-2, Lodgment 2 at 10.)

On February 13, 2009, Petitioner appealed his sentence to the California Court of Appeal. (ECF Nos. 1 at 2; 20-2, Lodgment No. 2 at 1.) On November 13, 2009, the court of appeal affirmed the judgment of the superior court. (ECF No. 20-5, Lodgment No. 5 at 1–2.) On December 24, 2009, Petitioner filed a petition for review in the California Supreme Court, which denied the petition without comment on February 3, 2010. (ECF No. 20-7, Lodgment No. 7 at 1.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On November 7, 2012, Proposition 36, also known as the Three Strikes Reform Act of 2012, became effective and modified California's Three Strikes law as it applies to certain third-strike indeterminate sentences.[2] *See* Penal Code § 1170.126. The modification included an avenue to recall sentences of prisoners whose convictions are for "a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 1192.7." *Id.* § 1170.126(b). A "serious felony" includes "any

---

[2] In pertinent part, Proposition 36 created "a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not otherwise disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines resentencing would pose an unreasonable risk of danger to public safety." *People v. Yearwood*, 213 Cal. App. 4th 161, 168 (2013) (citing Penal Code § 1170.126).

felony in which the defendant personally uses a firearm." Penal Code § 1192.7(c)(8).

On March 26, 2013, Petitioner, with counsel, filed a petition to recall his sentence under section 1170.126 in the San Diego Superior Court. (ECF No. 20-8, Lodgment No. 8 at 1.) Among other things, Petitioner alleged, as he does in the instant petition, that the prosecutor did not plead and prove that "during the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person," as newly required for a third-strike life sentence given Petitioner's circumstances. (ECF No 20-8, Lodgment No. 8 at 6-7 (quoting Cal. Penal Code § 1170.12(c)(2)(C)(iii)). On December 1, 2014, the Superior Court denied the petition. (ECF No. 20-9, Lodgment No. 9 at 1.) The same day, Petitioner filed a notice of appeal. (ECF No. 20-10, Lodgment No. 10.)

On April 4, 2016, the California Court of Appeal affirmed the superior court's denial of Petitioner's resentencing petition. (ECF No. 20-14, Lodgment No. 14.) On April 8, 2016, Petitioner filed a petition for rehearing, which was denied without comment on April 18, 2016. (ECF No. 20-15, Lodgments No. 15; ECF 20-16, Lodgment 16.)

In a petition dated May 3, 2016,[3] Petitioner sought review of the appellate court's denial of his resentencing petition from the California Supreme Court. (ECF No. 20-17, Lodgment No. 17 at 38.) On June 8, 2016, the California Supreme Court denied review without comment. (ECF No. 1 at 37.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On August 30, 2017,[4] Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court raising the same challenge. (ECF No. 20, Lodgment No. 18 at

---

[3] Respondent states that May 6, 2018 is the date petitioner sought review from the California Supreme Court. (ECF No. 19-1 at 2.)

[4] The Court agrees with the magistrate judge's assessment under the "mailbox rule," that Petitioner's state habeas petition is deemed filed on August 30, 2017. *See Miles v. Prunty*, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999).

6–7.) In an order filed on September 19, 2017, the Superior Court denied Petitioner's state habeas petition, finding that it lacked jurisdiction to review the decision of the appellate court. (ECF No. 20-19, Lodgment No. 19 at 2.)

On April 4, 2018,[5] Petitioner filed the instant Petition in the Central District of California challenging the superior court's denial of his resentencing petition under Penal Code section 1170.126. (ECF No. 1.) On June 25, 2018 the case was transferred from the Central District of California to the Southern District of California. (ECF No. 11 at 2.)

On July 30, 2018, Respondent filed a Motion to Dismiss. (ECF No. 19.) Petitioner filed an opposition on October 17, 2018. (ECF No. 23.) Respondent did not file a reply.

## II. STANDARD OF REVIEW

### A. REPORT AND RECOMMENDATION STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If objections are made, the Court reviews the magistrate judge's findings and recommendations de novo. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974). The district court need not review *de novo* those portions of a Report to which neither party objects. *Reyna-Tapia,* 328 F.3d at 1121–22. Because no objections have been filed, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. *See Campbell*, 501 F.2d at 206.

---

[5] The Court again agrees with the magistrate judge's assessment under the "mailbox rule," and deems the Petition filed on April 4, 2018.

## III. DISCUSSION

Respondent moves to dismiss the Petition on the ground that it is time-barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (ECF No. 19-1 at 3.) Petitioner argues that his petition is not untimely on the grounds that resentencing matters are not subject to procedural bars in state court and that his petition is entitled to equitable tolling. (ECF No. 23 at 2.)

### A. Legal Standard

The AEDPA imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

District courts within the Ninth Circuit have applied either § 2244(d)(1)(A) or § 2244(d)(1)(D) as it relates to petitions for resentencing. In *McKinney v. Montgomery*, the court reasoned that a denial of a resentencing petition pursuant to California Proposition 47 was a new proceeding separate from a petitioner's underlying conviction, and that it was reviewable on direct review.[6] No. 2:17–cv–00581 JAM GGH HC, 2018 WL

---

[6] The petition in *McKinney* was filed pursuant to California Proposition 47, Pen. Code § 1170.18, which became effective in 2014 and like Proposition 36 provides an avenue for filing a resentencing petition. *McKinney*, 2018 WL 1605692, at *2.

5

1605692, at *5–6 (E.D. Cal. Apr. 3, 2018). The *McKinney* court therefore applied § 2244(d)(1)(A) and found that the statute of limitations for the petitioner's resentencing petition began to run on the date that direct review of the resentencing petition became final. *Id.*, *see also Kimble v. Montgomery*, No. 2:15–cv–02488–JKS, 2017 WL 4012318, at *3 (E.D. Cal. Sept. 12, 2017) (applying § 2244(d)(1)(A) to a resentencing denial under the Three Strikes Reform Act without analysis). In contrast, the court in *Newman v. Fox* concluded that the denial of a resentencing petition under Proposition 36 did not alter the judgment against the petitioner, nor did it constitute a new judgment. Case No. CV 16–5587–DDP (SP), 2017 WL 9534003, at *5 (C.D. Cal. Sept. 26, 2017). The *Newman* court instead applied § 2244(d)(1)(D), finding that the factual predicate for the claim was the denial of the petitioner's resentencing petition. *Id.* at *6; *see also Gonzalez v. Paramo*, No. ED CV 16-1087-JFW (SP), 2017 WL 1536485, at *4 (C.D. Cal. Mar. 20, 2017).

Regardless of which subsection of § 2244(d)(1) applies, once a petitioner is notified that the petition is subject to dismissal based on AEDPA's one-year limitations period, the petitioner bears the burden of demonstrating that the limitations period is tolled under statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v. Digielmo*, 544 U.S. 408, 418 (2005).

The statute of limitations is tolled under § 2244(d)(2) when a state petitioner has a "properly filed" post-conviction application for collateral relief pending before a state court. The statute of limitations is not tolled between the time the statute would ordinarily run under § 2244(d)(1) and the time a state collateral challenge is filed, nor is it tolled in the period after state collateral challenges are final and before federal habeas proceedings begin. *See Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006).

The Court need not decide whether § 2244(d)(1)(A) or § 2244(d)(1)(D) applies in this case because under either provision, the Petition is untimely.

////

## B. Analysis under § 2244(d)(1)(A)

Under § 2244(d)(1)(A), the statute of limitations begins to run from the time when the state court judgment "became final by the conclusion of direct review." The period of direct review concludes when the time within which a petitioner can file a petition for writ of certiorari in the United States Supreme Court expires. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Under Supreme Court Rule 13, the time to file a petition for a writ of certiorari to review a judgment entered by a state court of last resort expires ninety days after entry of the judgment. Sup. Ct. R. 13; *see also Bowen*, 188 F.3d at 1159.

Here, on June 8, 2016, the California Supreme Court denied review as to Petitioner's resentencing petition. (ECF No. 1 at 37.) Petitioner did not thereafter file a petition for writ of certiorari in the United States Supreme Court. Therefore, AEDPA's limitations period was triggered ninety days later on September 6, 2016,[7] and expired one year later, on September 6, 2017. Petitioner filed the instant petition on April 4, 2018, nearly seven months after the limitations period expired. (ECF No. 1.) Absent statutory or equitable tolling, the petition is untimely under § 2244(d)(1)(A).

### 1. Statutory Tolling

The statute of limitations is tolled under § 2244(d)(2) when a state petitioner has a "properly filed" post-conviction application for collateral relief pending before a state court. On August 30, 2017, seven days before AEDPA's statute of limitations expired on September 6, 2017, Petitioner sought sentencing relief under Proposition 36 in a state habeas petition filed in the state superior court (ECF No. 20-18, Lodgment No. 18), and the petition was denied twenty days later on September 19, 2017. (ECF No. 20-19, Lodgment No. 19.) The court need not determine whether Petitioner's state habeas

---

[7] *See* Fed. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days . . . exclude the day of the event that triggers the period[.]"); *Patterson v. Steward*, 251 F.3d 1243, 1246 (9th Cir. 2001)(noting that the day in which the limitations period begins to run should not be counted).

7

corpus petition was "properly filed."[8]  Even if the statute was tolled for the nineteen days his state habeas petition was pending, Petitioner's statute of limitations expired on September 26, 2017, well before Petitioner filed his Petition on April 4, 2018.  (ECF No. 1 at 48.)  Under § 2244(d)(1)(A), the Petition is therefore barred unless equitable tolling applies.

### C. Analysis under § 2244(d)(1)(D)

Under § 2244(d)(1)(D), Petitioner is at best in the same position as he is under § 2244(d)(1)(A).  Under § 2244(d)(1)(D) the statute of limitations is triggered when Petitioner could, through reasonable diligence, have known of the "factual predicate" for his Petition.  There is precedent to suggest that the factual predicate that triggers the statute of limitations is the effective date of Proposition 36 or the decision of the superior court on the petition for resentencing.

Some district courts have ruled that the factual predicate for a petition for habeas corpus under a law allowing for a resentencing petition is the date that the law went into effect.  *See Bowman v. Perry*, No.: 15-cv-01235-BAS(KSC), 2016 WL 4013675 at *6 (S.D. Cal. July 27, 2016); *Voight v. Hatton*, No. 2:17–cv–2015 TLN KJN P, 2018 WL 1693385, at *2 (E.D. Cal. Apr. 6, 2018); *Fadden v. Vasquez*, No. 1:17-cv-00398-AWI-SKO HC, 2017 WL 3720045, at *3 (E.D. Cal. Aug. 29, 2017).  Proposition 36 went into effect November 7, 2012.  Following this approach, the statute of limitations expired on November 8, 2013.  Even if the statute of limitations was tolled while Petitioner's resentencing petition was under consideration by the state courts, between March 26, 2013 to June 8, 2016, and again between August 30, 2017 to September 19, 2017 on his

---

[8] The superior court denied Petitioner's state habeas corpus petition for, *inter alia*, lack of jurisdiction (ECF No. 20-19, Lodgment No. 19 at 2.), which calls into question whether Petitioner's state habeas corpus petition constitutes a "properly filed" petition under 28 U.S.C. 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (an application for writ of habeas corpus is not "properly filed" where it is "erroneously accepted by the clerk of a court lacking jurisdiction."). *See also Norton v. Arnold*, No. CV 15–01525–RGK (KES), 2016 WL 1158590, at *9 (C.D. Cal. Feb. 12, 2016) ("[B]ecause the California Court of Appeal dismissed the appeal for lack of jurisdiction, Petitioner's appeal was not properly filed and did not toll the period of limitation") (citations omitted).

state habeas petition, the instant Petition, filed on April 4, 2018, is still untimely.

Other courts have found that the date that the superior court denied the resentencing petition serves as the factual predicate. The magistrate judge concluded, relying on *Newman*, that if § 2244(d)(1)(D) applies, the factual predicate was "the date petitioner 'discovered, or could through due diligence have discovered, that his resentencing petition was denied[.]'" (ECF No. 24 at 7 (quoting *Newman*, 2017 WL 9534003, at *6).) In line with this approach, at least one court has found that direct appeals of a petition for resentencing toll the statute of limitations. *Gonzalez*, 2017 WL 1536485 at *5. Applying this method, Petitioner's statute of limitations began to run when his petition for resentencing was denied by the superior court on December 1, 2014 and consequently, the Petition is untimely. To the extent statutory tolling applies, Petitioner filed an appeal of the decision of the Superior Court on December 1, 2014, the same day that his petition for resentencing was denied and the limitations period was tolled until the conclusion of direct review on June 8, 2016. Because the Petition was filed on April 4, 2018, even with statutory tolling, the Petition is untimely.

Under both approaches to § 2244(d)(1)(D), petitioner is time-barred unless he can show equitable tolling.

### D. <u>Equitable Tolling</u>

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted) (quoting *Pace* 544 U.S. at 418). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citing *Ramirez v. Yates*, 571 F.3d 993, 977 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule."

*Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Here, Respondent argues that equitable tolling does not apply because "[Petitioner] has not alleged any ground which may entitle him to equitable tolling, and nothing in the record suggests that the failure to timely file this Petition was due to an extraordinary circumstance beyond his control." (ECF No. 19-1 at 6–7.) Petitioner seems to argue in response that he "was under the belief that . . . the AEDPA only applied to direct appeal issues and collateral attacks on the [underlying conviction]" and not to "resentencing issues as a result of newly enacted legislation." (ECF No. 23 at 2.)

The Court agrees with Respondents and finds that Petitioner is not entitled to any equitable tolling. Petitioner's alleged ignorance of the law is not an extraordinary circumstance beyond his control that warrants equitable tolling, even considering his *pro se* status. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Petitioner offers no other argument for why equitable tolling would apply, nor does the record reflect any extraordinary circumstance beyond Petitioner's control that would entitle him to equitable tolling. Therefore, Petitioner is not entitled to any equitable tolling.

## IV. CONCLUSION

This Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Respondent's motion to dismiss and **DISMISSES** the Petition for Writ of Habeas Corpus as untimely. The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: February 27, 2019

Hon. Gonzalo P. Curiel
United States District Judge